UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUDITH S. SHAPER, et al.,

    Plaintiffs,

  v.

ROBERT A. ZADEK, et al.,

    Defendants.

Case No. 21-cv-00493-TSH

**ORDER DENYING EX PARTE APPLICATION FOR RIGHT TO ATTACH ORDER**

Re: Dkt. No. 10

## I. INTRODUCTION

Plaintiffs Judith S. Shaper and Judith S. Shaper Living Trust ("Plaintiffs") allege Defendant Robert A. Zadek defrauded Judith and his stepdaughters in the sale of approximately $4M of unregistered promissory notes. Plaintiffs apply ex parte for a Right to Attach Order and Writ of Attachment against Defendants Zadek, L.O. Annie, Inc. and Lenders Funding, LLC (collectively "Defendants"). ECF No. 10. The Court **DENIES** Plaintiffs' application for the following reasons.[1]

## II. BACKGROUND

Lenders Funding markets and sells subordinated promissory notes to investors on a non-recourse basis. Compl. ¶ 25, ECF No. 1. According to its website, Zadek is the founder and President of the company.[2] Zadek is also the President and sole shareholder of L.O. Annie, Inc.,

---

[1] An application for a writ of attachment is considered a non-dispositive matter over which a magistrate judge has jurisdiction. *See Illumination Dynamics Co. v. Pac. Lighting Sols. LLC*, 2014 WL 4090562, at *2 (N.D. Cal. Aug. 18, 2014) (reviewing a magistrate judge's order granting a writ of attachment as a non-case-dispositive matter subject to the clearly erroneous or contrary to law standard under § 636(b)(1)(A)); *Bd. of Trs. for Laborers Health & Welfare Tr. Fund for N. Cal. v. Michael Heavey Constr., Inc.*, 2018 WL 5778296, at *2 (N.D. Cal. Nov. 1, 2018) (denial of ex parte application for writ of attachment by magistrate judge without parties' consent).
[2] *See* https://www.lendersfunding.com/team (last visited February 5, 2021).

1   which is the Managing Member (and sole Member) of Lenders Funding, LLC. *Id.* ¶ 4. Since at
2   least 2008, Zadek has been continuously "in the business" of marketing and selling subordinated
3   promissory notes issued by Lenders Funding to third-party investors throughout California. *Id.* ¶
4   5. Judith Shaper is his ex-wife, having been married from September 13, 1998 until November 7,
5   2008. *Id.* ¶ 29; Shaper Decl. ¶ 3, ECF No. 10-2.

6   Beginning in April 2009 and continuing through December 2019, Zadek solicited Plaintiffs
7   to invest in several subordinated promissory notes issued by Lenders Funding. Shaper Decl. ¶ 5 &
8   Ex A (promissory notes). Plaintiffs invested approximately $4M in promissory notes issued by
9   Lenders Funding. Shaper Decl. ¶ 5. Shaper does not recall receiving any written disclosures in
10  connection with Zadek's solicitations. *Id.* ¶ 6. She instead relied upon his oral representations in
11  making the investments. *Id.* While each promissory note states on its face that it will be repaid
12  "within 180 days of demand of repayment," Zadek stated to Shaper that she could have her money
13  back "at any time." *Id.* ¶ 11; Compl. ¶ 10. Zadek routinely and continuously informed Shaper
14  that her investments were safe and secure, and that Lenders Funding was doing well. Shaper Decl.
15  ¶ 11.

16  Plaintiffs allege that Defendants are not licensed or authorized by the SEC or the State of
17  California to sell securities. Compl. ¶ 42. They further allege that by engaging in the business of
18  advising Plaintiffs as to investing in securities without being licensed, Defendants violated federal
19  and California securities law, pursuant to which Plaintiffs are entitled to rescind all of the Lenders
20  Funding promissory notes investments. *Id.*

21  On March 10, 2020, Shaper sent a written demand for the return of all outstanding funds
22  invested in the Lenders Funding promissory notes. Shaper Decl. ¶ 11 & Ex. C. Since that time,
23  Shaper retained counsel and repeatedly requested information from Zadek and his counsel, but she
24  has not received the return of any funds. Shaper Decl. ¶ 21; Compl. ¶ 53. The total amount owing
25  under the promissory notes is $1,654,080.60. Shaper Decl. ¶ 23 & Ex. G (account statements
26  issued by Lenders Funding).

27  Plaintiffs filed this case on January 20, 2021. They bring 16 causes of action: (1) violation
28  of section 10(b)-5 of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "1934

Act"); (2) violation of California Corporations Code section 25400; (3) violation of section 202(a)(11) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-2(a)(11) (the "1940 Act"); (4) violation of California Corporations Code section 25230(a); (5) violation of section 3(a)(4)(A) of the 1934 Act; (6) violation of California Corporations Code section 25210(b); (7) financial elder abuse under California Welfare and Institutions Code section 15610.30; (8) breach of fiduciary duty; (9) breach of contract; (10) fraudulent inducement; (11) intentional misrepresentation; (12) promissory fraud; (13) negligent misrepresentation; (14) constructive fraud; (15) conversion; and (16) unjust enrichment. Compl. ¶¶ 54-145. Plaintiffs seek general damages in the amount of at least $1,754,080, special damages in the amount of at least $1,754,080, compensatory damages, interest, rescission, restitution, punitive and exemplary damages, and attorney's fees and costs. *Id.* at 38.

Plaintiffs filed the present application on February 3, 2021, seeking to attach "all of the property of Defendants which are subject to attachment pursuant to California Code of Civil Procedure §487.010, such as deposit accounts and bank accounts (all of which are subject to attachment per California Code of Civil Procedure §487.010, §488.375 and §488.455)." Appl. at 11.

### III.  LEGAL STANDARD

A federal court applies the attachment law and procedures of the state in which it sits. Fed. R. Civ. P. 64; *Reebok Int'l v. Marnatech Enters.*, 970 F.2d 552, 558 (9th Cir. 1992). California Code of Civil Procedure section 485.220, which provides for the issuance of a prejudgment right to attach order on an ex parte basis, states:

> (a) The court shall examine the application and supporting affidavit and, except as provided in Section 486.030, shall issue a right to attach order, which shall state the amount to be secured by the attachment, and order a writ of attachment to be issued upon the filing of an undertaking as provided by Sections 489.210 and 489.220, if it finds all of the following:
>
> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
>
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.

3

      (3) The attachment is not sought for a purpose other than the recovery upon the claim upon which the attachment is based.

      (4) The affidavit accompanying the application shows that the property sought to be attached, or the portion thereof to be specified in the writ, is not exempt from attachment.

      (5) The plaintiff will suffer great or irreparable injury (within the meaning of Section 485.010) if issuance of the order is delayed until the matter can be heard on notice.

      (6) The amount to be secured by the attachment is greater than zero.

Section 485.010(a) provides that "no right to attach order or writ of attachment may be issued pursuant to this chapter unless it appears from the facts shown by affidavit that great or irreparable injury would result to the plaintiff if issuance of the order were delayed until the matter could be heard on notice." *See also Connecticut v. Doehr*, 501 U.S. 1, 16 (1991) (recognizing that a prejudgment attachment without notice permissible only upon showing of exigent circumstances that would render property unavailable to satisfy a judgment).

California's attachment law is subject to strict construction. *Epstein v. Abrams*, 57 Cal. App. 4th 1159, 1167-68 (1997). Requests for ex parte relief are disfavored because they "debilitate the adversary system." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).

## IV. DISCUSSION

The threshold question presented is whether Plaintiffs may properly obtain a writ of attachment without first providing notice to Defendants. In support of their ex parte application, Plaintiffs offer Shaper's conclusory allegation that she is "concerned that my funds have been stolen or otherwise lost." Shaper Decl. ¶ 22. They argue that "if Defendants are given regular notice of any hearing, the money they have belonging to Plaintiffs will vanish." Mot. at 9. This is not admissible evidence; it lacks any foundation. In any event, Plaintiffs' speculation that their money will vanish is "insufficient to justify dispensing with notice." *Blackmon v. Tobias*, 2011 WL 2445963, at *4 (N.D. Cal. June 16, 2011) (denying ex parte application for writ of attachment and TRO where plaintiffs "merely offer[ed their] opinion that Defendants w[ould] 'hide or dissipate' their assets"); *Michael Heavey Constr., Inc.*, 2018 WL 5778296, at *2 ("Plaintiffs provide no specific facts that Defendants are likely to hide or dissipate assets to support that

statement; instead, their allegations are conclusory and fail to show exigent or exceptional circumstances warranting ex parte relief."); *DCR Mktg. Inc. v. U.S. All. Grp., Inc.*, 2020 WL 5015265, at *2 (C.D. Cal. Apr. 20, 2020) ("DCR's mere speculation that USAG might be using the funds because it is in financial distress is insufficient to justify dispensing with notice.") (internal quotations and citation omitted); *ACF 2006 Corp. v. Maki*, 2019 WL 1578376, at *3 (C.D. Cal. Feb. 21, 2019) (finding plaintiff's contention that defendant was insolvent "insufficient to establish that great or irreparable injury would result" to plaintiff such as to dispense with notice); *Vaccaro v. Sparks*, 2011 WL 772394, at *2 (C.D. Cal. Feb. 1, 2011) ("The fact that Defendants may have been engaged in some sort of fraud does not automatically justify the issuance of an asset freeze."). As such, the Court finds Plaintiffs have failed to demonstrate that great or irreparable injury would result to them if issuance of a writ of attachment were delayed until the matter could be heard on notice.

## V.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' ex parte application.

**IT IS SO ORDERED.**

Dated: February 5, 2021

THOMAS S. HIXSON
United States Magistrate Judge